DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

FLN PROPERTIES, LLC,

Petitioner,

v.

FIRST STOP FOOD MART, INC.,

Respondent.

No. 2D2025-2453

_____

July 22, 2026

Petition for Writ of Mandamus to the County Court for Pinellas County;
Edwin Bryant Jagger, Judge.

Evan B. Berger of Berger Law, Boca Raton, for Petitioner.

Stephen D. Hayman of Stephen D. Hayman, P.A., Tampa, and W. Bart
Meacham, Tampa, for Respondent.

LUCAS, Chief Judge.

Petitioner, FLN Properties, LLC (FLN), seeks mandamus relief to
compel the county court to enter a default final judgment for a writ of
possession on its claim of unlawful detainer against Respondent, First
Stop Food Mart, Inc. (First Stop). Because the terms of an unmodified
order to deposit rent were not strictly complied with, under section

83.232(5), Florida Statutes (2025), we are compelled to grant FLN's petition.

FLN owns commercial property in south St. Petersburg, which was subject to a lease with Standard Service Station 1501 34th Street South, St. Petersburg, LLC (Standard Service), as the tenant. At some point in time, First Stop moved into the property. A dispute arose between the parties over payment under the lease, and on October 4, 2024, FLN filed a two-count complaint against both Standard Service and First Stop. In its complaint, FLN claimed that Standard Service had not paid any rent since March of 2024. Count I of the complaint sought to evict Standard Service from the property. Count II of the complaint alleged that First Stop was in unlawful possession of the property and that its refusal to vacate violated chapter 82 of the Florida Statutes.[1]

First Stop filed an answer and affirmative defenses, generally denying it was liable to FLN. First Stop further alleged that it was occupying the subject property "under a valid and pre-existing Lease Agreement which pre-dates the referenced Lease." In its third affirmative defense, First Stop contended that this lease agreement was with "a prior owner (predecessor in title interest), West Coast Investment, Incorporated" and that West Coast had "purportedly assigned its' [sic] interest in the Lease to Co-Defendant, Standard [Service] or one of its'

---

[1] More specifically, count II against First Stop alleged unlawful detainer and requested a writ of possession in FLN's favor. FLN's complaint further alleged that under the commercial lease, Standard Services could not transfer its tenancy without FLN's prior authorization, First Stop was "never given consent by FLN" to occupy the property, and even if it had, that consent was later revoked by FLN. We don't know what Standard Services' position would be on any of these allegations because Standard Services has not appeared in this proceeding, and the appendices the parties filed do not include any filings purporting to be on behalf of Standard Services in the proceedings below.

[sic] affiliates."  According to First Stop, First Stop had been in "open and exclusive possession" of the property under this "pre-existing Lease Agreement" since August 27, 2021.

The county court entered an order determining rent on November 28, 2024 (Rent Order).  Under the terms of the Rent Order,

> First Stop shall deposit rent of $5,391.98 per month from August 1, 2024 – November 1, 2024 in the total amount of $21,567.92 into the Court Registry by November 27, 2024. On December 1, 2024 and the first day of each month thereafter, First Stop shall deposit the monthly rent of $5,391.98 into the Court Registry.

All the required rental payments were timely deposited—until June 1, 2025.  As it turned out, June 1, 2025, fell on a Sunday.  According to First Stop, because the courthouse was closed on the first day of June, it was allowed to deposit that month's payment into the registry the next day, June 2, notwithstanding the Rent Order's requirement to deposit rent on "the first day of each month."  First Stop maintained that Florida Rule of General Practice and Judicial Administration 2.514(a) effectively extended the Rent Order's requirement to the second day in June.

On June 9, FLN filed an ex parte motion for default final judgment in which it argued that First Stop's failure to pay June's rent by June 1st violated the Rent Order, constituted a waiver of all of First Stop's defenses, and entitled FLN to immediate possession of the property. That same day, First Stop filed an objection to FLN's motion.  The court later convened a hearing on the motion.

> In a subsequent written order, the county court ruled:

> According to the plain language of this Court's Order, payment of rent was due on June 1, 2025, which fell on a Sunday.  The court further finds that said Rule 2.514, Florida Rule of General Practice and Judicial Administration, applies and extends the time for payment until the next business day in accordance with sub-paragraph (a)(1)(C) of said Rule 2.514.

3

Finding no case law "which contained the same language as used in the subject Order," the county court extended the June payment's due date to the second day of the month and found that First Stop's payment had been timely under the Rent Order. The county court denied FLN's motion for default judgment, and FLN then filed this petition.

In *Gambrel v. Sampson*, 330 So. 3d 114, 116 (Fla. 2d DCA 2021), we summarized when mandamus relief may be available to compel judicial action in a lower court:

> Mandamus may be used "to enforce an 'established legal right by compelling a person in an official capacity to perform an indisputable ministerial duty required by law.' " *Smith v. State*, 696 So. 2d 814, 815 (Fla. 2d DCA 1997) (quoting *Puckett v. Gentry*, 577 So. 2d 965, 967 (Fla. 5th DCA 1991)). A petition for a writ of mandamus is appropriately issued when a lower court fails to perform an indisputable, nondiscretionary ministerial duty. *See, e.g., Ledger v. City of St. Petersburg*, 135 So. 3d 496, 497 (Fla. 2d DCA 2014) (holding that mandamus relief was warranted where the lower court failed to comply with a ministerial duty imposed by statute); *Grant v. State*, 257 So. 3d 1223, 1223 (Fla. 3d DCA 2018) (holding that a writ of mandamus was the proper remedy to compel the trial court to undertake its ministerial act); *Hutto v. State*, 201 So. 3d 725, 725 (Fla. 1st DCA 2016) (granting the petitioner's mandamus petition where the lower court had a ministerial duty to accept the petitioner's notice of appeal and transmit it to the appellate court); *Palm Beach Marketplace, LLC v. Aleyda's Mexican Restaurante, Inc.*, 103 So. 3d 911, 912 (Fla. 4th DCA 2012) (holding that the trial court had "a ministerial duty to provide the remedies set forth in the statute").

The indisputable ministerial duty here arises under a statute. Section 83.232 governs nonresidential tenancies and provides, in pertinent part:

> (1) . . . If the tenant contests the amount of accrued rent, the tenant must pay the amount determined by the court into the court registry on the day that the court makes its

4

determination. The court may, however, extend these time periods to allow for later payment, upon good cause shown. Even though the defense of payment or satisfaction has been asserted, the court, in its discretion, may order the tenant to pay into the court registry the rent that accrues during the pendency of the action, the time of accrual being as set forth in the lease. . . .

   . . . .

(5) Failure of the tenant to pay the rent into the court registry pursuant to court order shall be deemed an absolute waiver of the tenant's defenses. In such case, the landlord is entitled to an immediate default for possession without further notice or hearing thereon.

"Whenever we interpret statutes, we follow the supremacy-of-text principle—namely, the principle that the words of a governing text are of paramount concern, and what they convey, in their context, is what the text means." *Sheik Island Farm, Inc. v. Covington Farm, Inc.*, 429 So. 3d 1095, 1098 (Fla. 2d DCA 2026) (citation modified). Appellate courts have consistently granted mandamus relief to ensure a strict application of section 83.232's text.

For example, in *Poal Wk Taft, LLC v. Johnson Medical Center Corp.*, 45 So. 3d 37, 38 (Fla. 4th DCA 2010), a circuit court had entered an order under section 83.232, which didn't state a specific day of the month, but required rental payments "on a monthly basis." The underlying lease, however, required rental payments on the first day of the month, but with a "grace period" of up to ten days if the tenant paid additional interest. *Id.* When no rent payment was deposited on June 1, the landlord filed a motion for default and immediate possession the next day. *Id.* On June 3, the day after the default motion had been filed, the tenant paid the required rent money into the court's registry. *Id.* The circuit court denied the landlord's motion. *Id.*

5

The Fourth District granted the landlord's mandamus petition. *Id.* at 39.

> The tenant argues that because the lease contained a grace period for payment of rent, a petition for mandamus is not appropriate where the court did not state a specific date for payment in its order. However, the statute itself provides the date of payment. The tenant is required, even without court order, to make payments into the registry of the court *when due.* Where the court enters an order requiring payment, those payments are also to be made as they accrue, "the time of accrual being as set forth in the lease." § 83.232(1), Fla. Stat. Rent accrues on its due date. *Cf. MLH Prop. Managers, Inc. v. Cox,* 613 So. 2d 1358 (Fla. 4th DCA 1993).

> Where the tenant has not paid the rent into the registry of the court in accordance with court order and the statute, the landlord is entitled to a writ of possession without further hearing. The trial court exercises no discretion, and the landlord is entitled to the issuance of the writ of possession as a matter of right.

*Id.* at 38–39.

In *The Cove & Deerfield Beach, LLC v. R Fast, Inc.,* 310 So. 3d 413, 414 (Fla. 4th DCA 2020), a tenant in an eviction proceeding was required to pay rent into the registry on the first day of each month. One month, the tenant mailed its payment to the clerk of court two days before the due date. *Id.* Unfortunately, the clerk didn't deposit the payment into the registry until the day after it was due. *Id.* That misfortune was no excuse, according to the Fourth District. Since the payment had not been timely deposited, "the court had no discretion to deny the motion for default." *Id.* at 415; *see also Stetson Mgmt. Co. v. Fiddler's Elbow, Inc.,* 18 So. 3d 717, 718 (Fla. 2d DCA 2009) ("Under the mandatory terms of section 83.232(5), the trial court had no discretion to stay the final judgment of possession; Reagan was entitled to immediate possession of the property upon Fiddler's failure to timely deposit its rent payment.");

6

*Kosoy Kendall Assocs. v. Los Latinos Rest. Inc.*, 10 So. 3d 1168, 1168 (Fla. 3d DCA 2009) ("Because the trial court refused, after an adversarial hearing which was itself unauthorized, to issue the writ [of possession] and, notwithstanding such wholly irrelevant facts as that the payment was subsequently tendered, *see* [*214*] *Main St. Corp.* [*v. Tanksley*], 947 So. 2d [490,] 492 [(Fla. 2d DCA 2006)], we grant the present application for mandamus and order that a writ of possession issue forthwith.").

The facts in this case yield the same result. The Rent Order required a payment on the first day of June, but no rent payment was received in the registry of the court on that day. Harsh as it may seem, that failure left the county court with no choice but to grant FLN's motion for default. *Cf. 214 Main St. Corp.*, 947 So. 2d at 492 ("To answer this question we rely on the plain meaning of section 83.232(5), which indicates that the legislature intended that a landlord's right to possession be absolute. The statute does not allow for a procedure whereby a trial court may excuse the tenant's noncompliance with its prior order."); *Poal Wk Taft, LLC*, 45 So. 3d at 39 ("Although the result may seem harsh in a case like this, there is no equitable exception to the statute." (citing *Courthouse Tower, Ltd. v. Manzini & Assocs.*, 683 So. 2d 215 (Fla. 3d DCA 1996))).

The court below attempted to circumvent the statutory waiver by applying a rule of judicial administration and general practice, rule 2.514(a). First Stop urges us to do likewise. Since that rule was the only substantive basis for the county court's denial of FLN's motion, we'll conclude by addressing its proper application.

Rule 2.514(a) states, "The following rules apply *in computing time periods* specified in any rule of procedure, local rule, court order, or

statute that does not specify a method of computing time."  (Emphasis added.)  Subsection (a)(1)(C) further provides:

> (1) *Period Stated in 7 Days or Longer.*  When *the period* is stated in days or a longer unit of time:
>
> . . . .
>
> (C) include the last day *of the period* except if the last day is Saturday, Sunday, a legal holiday, or falls within a time extended by order of the chief justice, then the last day will fall on the next day that is not Saturday, Sunday, a legal holiday, or any period of time extended through an order of the chief justice.

(Second and third emphases added.)

As is clear from the italicized language rife throughout the text, rule 2.514(a)'s Sunday extension applies only when a "period of time" is being construed.[2]  A period of time means just that: some number of days, weeks, months, or some other length of time.  *See Period, Black's Law Dictionary* (12th ed. 2024) ("period, n. 1. A length or portion of time; esp., fixed length of time during which an action or event is expected to be completed or has already been completed . . . .").  The Rent Order did not require rental payments into the court's registry by reference to any "period of time" (i.e., the order did not state, "every thirty days").  Instead, the Rent Order utilized monthly *dates* ("the first day of each month").  *See Date, Black's Law Dictionary* (12th ed. 2024) ("date. 1. The day when an event happened or will happen . . . ."); *cf. Anderson v. State Pers. Bd.,* 162 Cal. Rptr. 865, 868 (Cal. Ct. App. 1980) ("The word 'date' in its

---

[2] "We approach the interpretation of a rule of civil procedure in much the same way as we approach the interpretation of a statute." *Gannon v. Cuckler,* 281 So. 3d 587, 591 (Fla. 2d DCA 2019) (citing *Koppel v. Ochoa,* 243 So. 3d 886, 891 (Fla. 2018)).

8

common and accepted statutory meaning refers simply to the day, month and year.").

The Rent Order stated that on the first day of each month—a date, not a period of time—First Stop was required to deposit monthly rent into the registry of the court.[3]  That didn't happen for the June 2025 payment.  Rule 2.514(a)'s Sunday extension didn't apply—and hence, didn't excuse—that shortcoming.

Section 83.232(5) is clear and unambiguous: First Stop's failure to timely pay June's rent into the court registry pursuant to the Rent Order was an absolute waiver of its defenses and entitled the landlord to an immediate default judgment for possession without further notice or hearing.  The county court had no discretion to do otherwise.  *Accord Stetson Mgmt. Co.*, 18 So. 3d at 718; *214 Main Street Corp.*, 947 So. 2d at 492; *Cove & Deerfield Beach, LLC*, 310 So. 3d at 415; *Poal Wk Taft, LLC*, 45 So. 3d at 38–39; *Kosoy Kendall Assocs.*, 10 So. 3d at 1168.

We are not unsympathetic to what appears to be a hard result from the application of section 83.232(5).  Nor are we the first court to note the severity of the statute.  We are, however, constrained to apply the law

---

[3] First Stop has never suggested it would have been impossible to comply with the Rent Order's requirement to pay rent for June of 2025. And, in fact, it wasn't impossible.  The Rent Order's requirement that "[o]n December 1, 2024 and the first day of each month thereafter, First Stop shall deposit the monthly rent of $5,391.98 into the Court Registry" can logically be read to mean on *or before* the first day of each month.  A contrary, hyper literal reading would lead to an absurd result such that a rent payment made before the first day of the month would constitute a default.  All First Stop had to do to remain compliant with the Rent Order and section 83.232 was deposit the June payment a couple of days before June 1, or it could have requested and obtained a prior modification to the Rent Order.

9

as enacted by the legislature.  Accordingly, we grant the petition and direct the county court to issue a writ of possession in favor of FLN.

Petition granted.

SILBERMAN and SMITH, JJ., Concur.

_____

Opinion subject to revision prior to official publication.